<hr />

[No. 9014.   In Bank.—May 24, 1886.]

## ELLEN MULLALLY, RESPONDENT, v. IRISH–AMERICAN BENEVOLENT SOCIETY, APPELLANT.

PRACTICE — MEMORANDUM OF COSTS — TIME FOR FILING — NOTICE OF DECISION. — Under section 1033 of the Code of Civil Procedure, in an action tried by the court, a memorandum of costs is not filed in time if the filing thereof is made more than five days after the party claiming the costs had knowledge of the decision, although no notice of the decision has been served on him by the adverse party.

APPEAL from an order of the Superior Court of the city and county of San Francisco striking out a cost bill.

The facts are stated in the opinion.

*M. C. Hassett,* for Appellant.

*H. A. Powell,* and *Edgar M. Wilson,* for Respondent.

BELCHER, C. C.—The court below struck out the defendant's memorandum of costs, and whether it erred in so doing or not is the only question presented for decision.

It appears from the bill of exceptions that the case was tried by the court, and its findings of fact and conclusions of law were filed with the clerk on the twenty-third day of May, 1882. The decision was in favor of the defendant, and on the third day of August following the plaintiff served upon the defendant's attorney and filed a notice of intention to move for a new trial, designating therein as the grounds for the motion "the insufficiency of the evidence to justify the findings and decision, and that the decision is against law," and also that the motion would be made upon a statement of the case.

The plaintiff also on the same day served on the defendant's attorney her proposed statement of the case, and specified therein the particulars in which the evidence was alleged to be insufficient to justify the decision.

To this statement the defendant prepared amendments, which were served on the plaintiff's attorney on the eleventh day of September.

The statements and amendments were presented to the judge of the court for settlement, and after a prolonged hearing, in which defendant's attorney took an active part, the statement was settled and allowed on the fourteenth day of October. The motion for new trial was argued, submitted, and denied on the twenty-seventh day of October, both parties by their attorneys participating in the argument. Judgment was entered in pursuance of the decision, and more than five months after the decision was filed, on the ninth day of November, and on the fourteenth day of that month the de-

fendant served and filed its memorandum of costs. On motion of plaintiff the court struck out this memorandum of costs, upon the ground that it was not filed within the time required by law, and the defendant appealed from the order.

Was the cost bill filed in time? It is claimed for the appellant that it was, because, first, it was filed on the fifth day after the judgment was entered, and second, that no notice of the decision was ever served by the plaintiff on the defendant or its attorney, and the defendant was not required to file its cost bill until such notice was given.

Section 1033 of the Code of Civil Procedure provides as follows:—

"The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee, . . . . a memorandum of the items of his costs and necessary disbursements in the action or proceeding," etc.

In *Porter* v. *Hopkins*, 63 Cal. 53, it was held that the "decision" referred to in the foregoing section "is the finding of facts and conclusions of law, signed by the court and filed with the clerk as the basis of the judgment."

And in *O'Neil* v. *Donahue*, 57 Cal. 231, it is said: "The object of the provisions of section 1033 (Code Civ. Proc.), as to the costs, was to give the successful party who claimed such costs five days after he had knowledge of the verdict or decision to file and serve his memorandum. If the successful party had knowledge of such decision beyond all doubt, as she did in this case, why require the defendant to serve notice of that fact on her?" And it was held in that case, the memorandum of costs having been filed more than ninety days after the plaintiff had knowledge of the decision, though no notice of it had been served upon her, that the memorandum was filed too late, and should have been struck out.

In this case it is clear that the defendant had knowledge "beyond all doubt" of the decision in its favor months before it served and filed its memorandum of costs. It acted upon this knowledge while contesting the plaintiff's right to a new trial, and if written notice was required, must be held to have waived it. (*Barron* v. *Delaval*, 58 Cal. 95.)

*Biagi* v. *Howes*, 66 Cal. 469, was upon a different section of the code from the one involved here, and the ruling in this case is not necessarily in conflict with what was held in that.

It follows that the order should be affirmed.

FOOTE, C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.