PETER WALL, APPELLANT, v. F. H. HEALD, RE-
SPONDENT.

NOTICE OF OVERRULING OF DEMURRER — PRESENCE IN COURT — WAIVER
OF WRITTEN NOTICE. — Written notice of the overruling of a demurrer
is waived by the presence in court of the attorney for the demurring
party at the time of the ruling, and the time to amend or answer runs
in such case from the time when the ruling is made.

ID. — DEFAULT JUDGMENT — AUTHORITY OF CLERK. — When a demurrer has
been overruled and time given to answer, but no answer is filed within
the time granted by the court to the defendant in which to answer, the
clerk is authorized to enter a default judgment without an order of
the court.

APPEAL from an order of the Superior Court of San
Diego County vacating and setting aside a default judg-
ment and recalling an execution.

The facts are stated in the opinion.

*W. T. McNealy, Trippett & Neale,* and *L. Gill,* for Ap-
pellant.

The records of the court show that the defendant had
actual knowledge of the order of the court which consti-
tuted a waiver of written notice. (*Barron* v. *Deleval,* 58
Cal. 98; *O'Neil* v. *Donahue,* 57 Cal. 231; *Mullally* v. *Benev-
olent Society,* 69 Cal. 559; *Gray* v. *Winder,* 77 Cal. 525;
*San Fernando H. Ass'n* v. *Porter,* 58 Cal. 81; *Dow* v. *Ross,*
90 Cal. 563; *People* v. *Center,* 9 Pac. C. L. J. 766; *Corbett*
v. *Swift,* 6 Nev. 195; *Hunter* v. *Truckee Lodge,* 14 Nev. 24,
28; *Baron* v. *Anderson,* 15 Pac. Rep. 226, 229 (Kan.); *North
Am. Coal Co.* v. *Dyett,* 4 Paige, 275; *Farley* v. *Farley,* 7
Paige, 40.) The clerk has a right to enter default and
judgment after demurrer overruled and the time for
answering had expired. (*Bailey* v. *Sloan,* 65 Cal. 388.)
When a demurrer to any pleading is sustained or over-
ruled, and time to amend or answer is given, the time
so given runs from service of notice of decision or order.
(Code Civ. Proc., sec. 476.) Notices must be in writing.
(Code Civ. Proc., sec. 1010.) A party intending to move
for a new trial, after decision of court against him, has

a right to wait for a notice in writing of such decision; and he is entitled to such notice before he is called upon to act, although he is present in court when the decision is rendered, and waives findings, and asks for a stay of proceedings on the judgment. (*Biagi* v. *Howes*, 66 Cal. 471.) This is much the best rule. · It is more certain and definite, prevents controversies which, under any other construction, would be likely to arise, and above all, accords, in our opinion, with the intention of those enacting the statute. (*Biagi* v. *Howes*, 66 Cal. 471; *Sawyer* v. *San Francisco*, 50 Cal. 375; *Roussin* v. *Stewart*, 33 Cal. 210; *Carpentier* v. *Thurston*, 30 Cal. 125; *Jenkins* v. *Wild*, 14 Wend. 545; *Fry* v. *Bennett*, 16 How. Pr. 402; *Staring* v. *Jones*, 13 How. Pr. 423; *Valton* v. *National Loan Society*, 19 How. Pr. 517; *Rankin* v. *Pine*, 4 Abb. Pr. 310; *Fry* v. *Bennett*, 7 Abb. Pr. 352; *Leavy* v. *Roberts*, 8 Abb. Pr. 310; *Matter of New York Central etc. R. R. Co.*, 60 N. Y. 114.)

*E. W. Hendrick, D. N. & M. S. Hammack*, and *S. V. Landt*, for Respondent.

The aggrieved party must either have had actual knowledge of the order or decision, or else waived notice of the same. If by notice, it must be in writing. (Code Civ. Proc., sec. 1010.) If it be by waiver, it should be by stipulation in writing, or entered in the minutes of the court. (Code Civ. Proc., sec. 283; *Peralta* v. *Mariea*, 3 Cal. 187; *Borkheim* v. *N. B. & M. Ins. Co.*, 38 Cal. 623.) The only provision in the code in reference to the clerk's entry of default is in section 585 of the Code of Civil Procedure. "The clerk can render judgment only in the precise cases designated by the statute." (*Oliphant* v. *Whitney*, 34 Cal. 27.) The clerk has no means of knowing what has been done beyond what is disclosed by his files, and the record made in the regular course of procedure. (*Oliphant* v. *Whitney*, 34 Cal. 27.)

BELCHER, C.—On the thirteenth day of January, 1891, this action was commenced in the superior court of San

Diego County, to recover the amount due on a promissory note. On the thirtieth day of the same month, a general demurrer to the complaint was filed, signed "E. W. Hendrick, attorney for defendant." On the 27th of February, the demurrer was overruled, the minute entry of the order being as follows: " Parties being present by their respective attorneys, the demurrer of defendant to plaintiff's complaint is at this time overruled for want of oral presentation, and ten days given defendant in which to answer." No written notice of this order was ever given to or served on the defendant or his attorney. On the 10th of March, no answer having been filed, the clerk of the court entered the default of the defendant, and a judgment against him as prayed for in the complaint. On the 9th of June, an execution was issued on the judgment and levied on the property of defendant. On the 24th of July, the defendant moved the court to set aside the default and judgment, and to recall the execution, on the ground that the default and judgment were entered, and the execution issued, without authority and in violation of law, because no notice of the order overruling his demurrer had been served on him or his attorney, or waived by him or his attorney, and because, when a demurrer has been overruled and time given to answer, the clerk has no authority to enter a default or judgment without an order of court directing him to do so. In support of his motion, the defendant offered and read in evidence the judgment roll in the case, and in opposition thereto, the plaintiff offered and read from the minutes of the court the order overruling the demurrer and an affidavit made by one Harry J. Neale. In this affidavit the affiant stated that he was one of the attorneys for the plaintiff in this case, and was present in court on the twenty-seventh day of February, 1891, which was the regular day for the call of the court's law and motion calendar, and that this case was upon the said calendar, pending upon the defendant's demurrer to the complaint; " that E. W. Hendrick, Esq., was and still is the attorney of record for the defendant herein,

and was present in court upon said day at the call of said calendar; that when said demurrer was called, affiant answered the same 'ready'; that when the said demurrer was called for argument, the said E. W. Hendrick stated to the court that he did not desire to argue the same, whereupon the court announced that the said demurrer was overruled for want of oral presentation; that said Hendrick then stated that the defendant would take the usual time to answer, or words to that effect, to which the court assented."

There was no attempt on the part of the defendant to deny any of the statements made in the affidavit, and after argument the matter was submitted to the court for decision.

The court thereupon made and entered its order vacating and setting aside the default and judgment, and recalling the execution; and from that order the plaintiff appeals.

Section 476 of the Code of Civil Procedure provides that " when a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order "; and section 1010 of the same code provides that "notices must be in writing." Respondent contends that under these sections the time allowed to answer does not begin to run until written notice of the order is given or waived, and that to constitute a waiver it must be evidenced by stipulation in writing or entry in the minutes of the court. The answer to this contention is, that this court has held otherwise.

In *Barron* v. *Deleval*, 58 Cal. 95, a demurrer to the complaint was overruled, and five days allowed to answer. No notice in writing of the order was given. Eight days later, no answer having been filed, judgment by default was entered against the defendant. From that judgment the defendant appealed, and the only point made on the appeal was as to the necessity of written notice. It was shown by the bill of exceptions that " the defendant was present in court by his attorney of record

upon argument and ruling on the demurrer, and upon the same being overruled, requested of the court time to answer, and five days' time to answer was granted." It was held that written notice was waived, and that judgment by default was rightly entered after the expiration of the time allowed. The court said: "The object of the notice, and the only purpose it can subserve, is to bring home to the attorney knowledge of a fact upon which he is called upon to act. But the right to a written notice, like any other civil right, may be waived, and we think it was waived in this case. Section 3513 of the Civil Code provides that 'any one may waive the advantage of a law intended for his benefit.' Section 3528 of the same code provides that 'the law respects form less than substance,' and section 3532 declares that 'the law neither does nor requires idle acts.' . . . . What purpose would a written notice of a fact of which the attorney had direct and positive knowledge have subserved? Would it not have been a vain and idle ceremony to have given him a written notice under the circumstances disclosed in this case? . . . . To hold that the party and his attorney were not bound by this proceeding, had in open court, would be trifling with justice, and also subversive of sound principles of law and morals." (And see *Mullally* v. *Benevolent Society*, 69 Cal. 559; *Gray* v. *Winder*, 77 Cal. 525; *Dow* v. *Ross*, 90 Cal. 562.)

It is shown by the order of the court, and by the uncontradicted affidavit of plaintiff's attorney, that the defendant was present in court by his attorney when his demurrer was overruled, and knew of and acted upon the order. He must therefore be held, under the decision above cited, to have waived written notice of the order.

As to the point that the clerk had no authority to enter the default and judgment without an order of court, a sufficient answer is found in *Bailey* v. *Sloan*, 65 Cal. 387, where it is said: "No answer was filed, and the time within which the defendant was granted leave to

answer having expired, the clerk was authorized to enter his default, and a judgment for the amount specified in the summons."

It follows, in our opinion, that the order appealed from should be reversed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed.

DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J.