SPOOR v. BOARD OF SUP'RS OF RIVERSIDE COUNTY et al.

(Circuit Court; S. D.. California.   January 6, 1902.)

Costs—Taxation—Time for Filing Memorandum.

Under the rule of the circuit court for the Ninth circuit which requires a party in whose favor a judgment or decree is rendered, and who claims costs, to file and serve a memorandum of his costs and disbursements within five days after rendition of the verdict, or "after notice of the decision of the court," and which further provides that "notice of a decision may be by the presence of the attorney or solicitor at its announcement, or by written notice from the clerk of the court, or the attorney or solicitor of the adverse party," the five days do not begin to run in an equity case until notice has been received in one of the three ways specified. It is not sufficient that the solicitor had actual knowledge of the decision, or that his clerk or representative was present at its announcement.

In Equity.

Wm. J. Hunsaker, for complainant.

R. H. F. Variel and Otis & Gregg, for defendants.

ROSS, Circuit Judge.   This is an appeal from the refusal of the clerk to disallow and strike from the files the defendants' memorandum of costs.   The suit was one in equity, the decision of which was announced by the court in a written opinion delivered and filed on the 26th day of August, 1901,—being a day of the July term, 1901, of the court,—an entry of which decision was on that day entered by the clerk in the minutes.   The facts in respect to the matter are agreed to by the respective parties, and are as follows:   On August 22, 1901, the clerk mailed a letter addressed to Mr. R. H. F. Variel, one of the solicitors for the defendants, stating that the court would on August 26, 1901, at 10:30 o'clock a. m., render its decision.   At the time of the mailing of the letter and of the rendition of the court's decision, Mr. Variel was absent from the city where the court is held; but his clerk, Mr. Mellette, who was in charge of his office and business, opened the letter, attended court at the time therein mentioned, as the representative of Mr. Variel, for the purpose of hearing, and did hear, the decision of the court.   Mr. Mellette thereupon wrote Mr. Variel, informing him of the rendition of the decision, which letter was received during Mr. Variel's absence.   The latter returned to the city about September 15, 1901.   The final decree in the suit was filed and entered September 28, 1901, and the memorandum of costs in question was served and filed October 2, 1901.

The contention on the part of the complainant is that the defendants waived and lost their right to costs because of their failure to serve and file the memorandum within the time required by rule 17 of this court, which is as follows:

"The party in whose favor a judgment at law or decree in equity is rendered, and who claims his costs, shall, within five days after the rendition of the verdict, or after notice of the decision of the court, referee, or commissioner—or, if the entry of judgment or decree on the verdict or decision is delayed by order of the court, then before such entry is made—deliver to the clerk of the court, and serve on the attorney or solicitor of

the adverse party, a copy thereof, together with a notice of application to have the same taxed, a memorandum of his costs and necessary disbursements in the action or proceeding. * * * Notice of a decision may be by the presence of the attorney or solicitor at its announcement, or by written notice from the clerk of the court, or the attorney or solicitor of the adverse party."

It will be noticed that the time of the party in whose favor a decree is rendered begins to run, not from the date of the entry of the decree, but from "notice of the decision of the court." It is not denied that the decision in a suit in equity, within the meaning of the rule, consists of the written opinion of the court and the entry in the minutes; and, did the rule of the court not specify the manner in which the notice of the decision may be given, it would be very clear that actual notice thereof by the solicitor for the party in whose favor the decree was rendered would be, as held by the supreme court of California in Mullally v. Society, 69 Cal. 559, 11 Pac. 215, and other cases cited by complainant's counsel, sufficient. But rule 17 of this court, unlike the provisions of the statute of California referred to in the California cases cited, does provide how the notice may be given, to wit, "by the presence of the attorney or solicitor at its announcement, or by written notice from the clerk of the court, or the attorney or solicitor of the adverse party." Prescribing, ex industria, as the rule does, how the notice may be given, it is not reasonable to conclude that it was thereby intended that any other method shall be sufficient. Otherwise, there would be no occasion for any specific provision in respect to notice at all. Without it, the requirements of the rule would have been substantially similar to the California statute upon the subject, under which actual notice, however derived, would be sufficient to start the time running. As the rule stands, I think that one of the three methods prescribed is essential for that purpose. As it is conceded that no written notice of the decision was given, this view disposes of the matter, unless it be, as is contended on behalf of the complainant, that Mellette's presence was that of the solicitor in whose employment he was. The rule does not say that the notice may be by the presence of the solicitor or his clerk or other representative, but by the presence of the solicitor, whose presence at the time of the announcement of the decision the rule treats as the equivalent of a written notice, but does not, I think, under a fair reading of its language, attribute that effect to the presence of any one else.

The order appealed from is affirmed.