R. H. Hoe & Co. *v.* The Puerto Rico Publishing Co.

Appeal from the District Court of San Juan.

No. 82.—Decided February 12, 1906.

Default—Entry Thereof.—An entry of default made by the secretary of the court in a case where the defendant has failed to answer the complaint within the period prescribed by law, is purely a ministerial act and cannot be considered as an order.

Id.—It is not necessary for the court to make any order whatever so that the secretary thereof may proceed to enter the default of a defendant in a case where he has failed to answer the complaint within the period prescribed by law.

Id.—Where a defendant has failed to file his answer within the period provided for by law, his default may be entered without notice to such defendant.

Id.—Upon the entry of the default of a defendant being made, judgment may be thereupon rendered in favor of the plaintiff for the amount demanded in his complaint.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Hawkins* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

The plaintiff brought this suit to recover for machinery sold and delivered to the defendant, amounting in value to $846.66, and claiming interest thereon at the rate of 6 per cent per annum from the 9th of November, 1903. The defendant filed a demurrer to this complaint, which was overruled by the court, from which ruling of the court the defendant gave notice of appeal, but afterwards abandoned the appeal.

The order overruling the demurrer was dated on the 7th of December, 1904. Afterwards, on the 31st of May, 1905, the plaintiff made an oral application to the secretary of the district court to enter a default on the part of the defendant, which was done, and thereupon judgment was accordingly entered up against the defendant for the amount of the plaintiff's demand, and all costs of the suit. From this judgment, rendered on the 31st of May, 1905, the defendant gave notice of appeal and perfected the same by filing herein, on the 15th of August of the same year, a transcript of the record.

The appeal taken from the order of the court overruling the demurrer having been waived or abandoned, this appeal which is now before the court only extends to the entry of judgment by default, and that is the only point contested before the court in the written briefs filed by counsel for the respective parties and in the oral argument made before the court by counsel for the appellee. The appellant claims that he should have had notice of the action of the clerk in entering the default, and that judgment rendered in accordance with said default, without notice to the appellee is erroneous and should be reversed.

It is true that our statute requires notices of all motions to be served upon the opposite party. (See Code of Civil Procedure, sec. 323 and 135.) But the statute also defines a

motion, which is an application for an order. (See Code of Civil Procedure, sec. 315.) The action of the clerk in entering the default after the defendant had failed to answer within the time prescribed by law was merely ministerial, and cannot be considered as an order; nor was an order of the court necessary to authorize him so to do. (*Wall* v. *Heald,* 95 Cal., 364.) In fact, the defendant being in court at the time that his demurrer was presented and overruled and the statute law and the rules of the court prescribing that he had twenty-four hours within which to file his answer, after the expiration of that time, no notice whatever was necessary to him before the clerk could enter the default; and as soon as the default was entered, judgment could be rendered in favor of the plaintiff and against the defendant for the amount claimed in the complaint. (Rules of the District Court, 4 and 7, and Code of Civil Procedure, sec. 194, par. 1.)

The proceedings in this case were entirely regular and the defendant had the benefit of every right accorded to him by the law. This question is not a new one under the Code of California, from which our Code of Civil Procedure was indirectly taken. (See *Wall* v. *Heald,* 95 Cal., 364; *Drake* v. *Duvenick,* 45 Cal., 462; *Wilson* v. *Cleveland,* 30 Cal., 192; *Gray* v. *Palmer,* 28 Cal., 416; *Stark* v. *Raney,* 18 Cal., 625.)

On a careful examination of the whole record, and a close study of the written briefs filed herein, no error, fundamental, or otherwise is apparent in any action taken by the court below. There can be no doubt that the defendant owes the money, that it is overdue and unpaid, and that the plaintiff was entitled to the judgment which was rendered in his favor, and the same should be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.