[Civ. No. 500. Second Appellate District.—July 1, 1908.]

## TERESA BELL, Administratrix of Estate of THOMAS BELL, Deceased, Appellant, v. LOUISA J. THOMPSON, Respondent.

COST BILL—PREMATURE NOTICE OF TIME OF FILING—ACTUAL KNOWLEDGE—APPEAL FROM JUDGMENT FOR COSTS—WAIVER OF RIGHT.—The right to a written notice of the actual time of the filing of a cost bill, like any other civil right, may be waived. Conceding that a premature notice of such time, given two days prior to the actual filing, when the memorandum of costs was served, was insufficient; yet where the opposite party had actual knowledge of the time of filing thereof, and appealed from the judgment, which was solely for costs, and which was affirmed upon appeal, and, after the lapse of four years, claimed the right to retax costs for want of written notice of the actual time of filing the memorandum, his right thereto was waived by his knowledge, conduct and acts.

ID.—ESTOPPEL BY JUDGMENT UPON APPEAL—PRESUMPTION AS TO QUESTIONS INVOLVED—EXECUTION UPON JUDGMENT FOR COSTS.—Upon the appeal taken from the judgment for costs, it must be presumed that all questions respecting the amount thereof, or the regularity of the proceedings upon which the judgment for costs was based, were included therein, and litigated on the appeal. After affirmance of the judgment, the appellant is estopped thereby from litigating any question involved in the appeal; and the respondent

thereafter is entitled to enforce execution upon the judgment for costs.

ID.—IMPROPER SETOFF AGAINST JUDGMENT—UNLIQUIDATED DEMAND.—An unliquidated demand in favor of the plaintiff cannot be set off against the judgment for costs in favor of the defendant.

APPEAL from an order of the Superior Court of Santa Barbara County refusing to recall and quash execution upon a judgment for costs, and refusing to retax costs, and refusing to allow a setoff upon such judgment. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

Drown, Leicester & Drown, for Respondent.

SHAW, J.—This is an appeal from an order denying plaintiff's motion ''for an order of court recalling and quashing the execution issued in the above-entitled action to the Sheriff of the City and County of San Francisco, and against Teresa Bell as an individual, and also for an order of court taxing the costs of the defendant, and for an order of court setting off the amount due the said plaintiff from the said defendant for money had and received by said defendant for the use and benefit of said plaintiff and the estate of said Thomas Bell, deceased.''

The facts, as shown by the record, are that on June 26, 1902, judgment was rendered in said action in favor of defendant; that on June 28, 1902, there was duly served upon plaintiff's attorney a written notice of the court's decision in said action, which notice, among other things, contained the following: ''Also that the defendant in said action claims her costs and disbursements expended and incurred therein, and that the defendant's bill of costs in said action has been filed, and a copy thereof is served upon you herewith. Also that judgment has been entered in said action. Dated June 28, 1902. Drown, Leicester & Drown, Attorneys for Defendant in said action.'' That the memorandum of costs and disbursements claimed by defendant was duly served on plaintiff's attorney on June 28, 1902, and service thereof

admitted by an indorsement thereon, as follows: "Service and receipt of a copy of the within bill of costs, at San Francisco, this 28th day of June, 1902, is hereby admitted.   T. Z. Blakeman, Attorney for Plaintiff." Indorsed on said memorandum of costs and disbursements is the following: "Filed, June 30, 1902.   C. A. Hunt, Clerk."

The only part of the judgment brought up in the record is the concluding portion thereof, as follows: "And that the defendant Louisa J. Thompson, have and recover from the plaintiff herein her costs and disbursements herein, amounting to and taxed at the sum of one hundred and ninety-five and 35/100 dollars.   Dated at Santa Barbara, Cal., this 26th day of June, A. D. 1902.   (Signed)   W. S. Day, Judge of said Superior Court."

Thereafter, on July 28, 1902, plaintiff gave notice of her intention to move the court to vacate and set aside the judgment and grant her a new trial, upon a bill of exceptions which was thereafter settled and allowed, and on December 19, 1902, the motion made thereon was denied.   Whereupon, plaintiff appealed from said judgment and order denying her motion for a new trial.   That upon the hearing of such appeal the judgment and order were affirmed.   Thereupon, on March 2, 1906, defendant caused an execution to be issued upon the judgment and against the plaintiff, and placed in the hands of the sheriff to collect the amount thereof.

So far as the record discloses, the only judgment rendered against plaintiff was that for the sum of $195.35, taxed as defendant's costs.   We must, therefore, assume that it was from this judgment that plaintiff prosecuted her appeal. After a lapse of nearly four years from the rendition of judgment, during which time appellant has prosecuted an appeal therefrom resulting in an affirmance thereof, she insists that having had no written notice of the filing on June 30, 1902, of the memorandum of costs claimed by defendant, she is now entitled to have the same taxed by the court.

We are of the opinion that the rights accorded to plaintiff under the provisions of section 1033 of the Code of Civil Procedure were fully protected.

It is apparent that plaintiff had actual knowledge of the filing of the cost bill, the amount of which was inserted in the judgment from which she appealed.   She does not claim to the contrary.   In *Barron* v. *Deleval,* 58 Cal. 95, the court,

in discussing the necessity of notice of the overruling of a demurrer required by section 476 of the Code of Civil Procedure, says: "The object of the notice, and the only purpose it can subserve is, to bring home to the attorney knowledge of a fact upon which he is called upon to act. But the right to a written notice, like any other civil right, may be waived. . . . Civil Code, section 3513 . . . and section 3532, Civil Code, declares that 'the law neither does nor requires idle acts.' . . . What purpose would a written notice of a fact of which the attorney had direct and positive knowledge have subserved?" (*Mullally* v. *Irish-American Ben. Soc.,* 69 Cal. 559, [11 Pac. 215] ; *Wall* v. *Heald,* 95 Cal. 364, [30 Pac. 551] ; *Mallory* v. *See,* 129 Cal. 356, [61 Pac. 1123] ; *Formi* v. *Yoell,* 99 Cal. 173, [33 Pac. 887].) Having actual notice of the fact that the cost-bill had been filed, plaintiff appealed from the judgment wherein it was adjudicated that defendant recover from her the amount of cost specified in this memorandum, copy of which she had received. Conceding the notice of the filing, served two days before the actual filing thereof, to have been insufficient, the facts of the case, as evidenced by plaintiff's conduct and acts, constitute a waiver of such notice. Moreover, as an appeal was had from the judgment, it must be presumed that all questions respecting the amount thereof, or the regularity of the proceedings upon which the judgment for costs was based, were included therein and litigated on such appeal. Therefore, appellant is estopped from further litigating a question involved in such appeal. (*Van Rensselaer* v. *Kidd,* 5 How. Pr. (N. Y.) 242; *Guckenheimer* v. *Angevine,* 16 Hun (N. Y.), 453; *Pfaudler Co.* v. *Sargent,* 43 Hun (N. Y.), 154.)

There is no merit in appellant's further contention that, in any event, she was entitled to set off against the amount of the judgment an alleged unliquidated claim against respondent. The merits of such controversy could not be determined upon the hearing of the motion.

The order appealed from is affirmed.

Allen, P. J., and Taggart, J., concurred.