[L. A. No. 2643. In Bank.—July 2, 1910.]

In the Matter of the Estate of ANDREW J. W. KEATING, Deceased. WILLIAM N. HAMAKER, Appellant, v. EDWARD KEATING et al., Respondents.

APPEAL—NEW METHOD—FAILURE TO FILE TRANSCRIPT IN FORTY DAYS—RULE II INAPPLICABLE.—Where an appeal is taken under the new method provided by sections 953a, 953b, and 953c of the Code of Civil Procedure, which does not require the filing of any printed transcript, rule II requiring a printed transcript to be filed within

forty days after the appeal is perfected, is inapplicable to such appeal, and in the absence of any rule as to the time for the filing of a transcript prepared under the new method, such appeal cannot be dismissed for failure to file the same within forty days.

ID.—DISMISSAL OF APPEAL—LOSS OF RIGHT TO PURSUE NEW METHOD.—Where the appellant by filing his notice of appeal from an order refusing to confirm a sale of real estate of a deceased person, fixed his actual notice of the order appealed from, and thereafter failed within ten days to file with the clerk the required notice requesting the preparation of the required transcript to be described therein, he thereby lost his right of appeal under the new method; and where he sustains no right to file a printed transcript, the appeal must be dismissed.

ID.—RELIEF FROM FAILURE TO FILE NOTICE IN TIME.—Any relief from failure to file the required notice within ten days, if it can be given at all, must be sought in the lower court.

ID.—APPELLANT NOT ENTITLED TO WAIT FOR WRITTEN NOTICE OF ENTRY OF ORDER—ACTUAL NOTICE—WAIVER.—The appellant was not entitled to wait for written notice of the entry of the order appealed from before the ten days would begin to run. Though this particular statute has not been before construed, yet other decisions upon similar statutes have settled the rule that actual notice of the entry of an order, judgment, or decree appealed from, established by the record, dispenses with or waives written notice thereof.

ID.—POWER TO EXCUSE FAILURE TO FILE PRINTED TRANSCRIPT IN TIME.—The only alternative for loss of the right of appeal under the new method was to file a printed transcript within forty days, unless the time is extended, or this court exercises its power to excuse failure to file a printed transcript upon a proper showing, where a default is made under circumstances which would show good cause for relief under section 473 of the Code of Civil Procedure. Whether that section is applicable to this court or not, this court should grant similar relief, allow the transcript to be filed after the time fixed, and retain the appeal.

ID.—FACTS NOT EXCUSING FAILURE.—It is held that the facts shown do not excuse the failure of the appellant to file a printed transcript in time; but the appellant stands contending merely for the technical right to wait for notice of the entry of the order, before being required to file any notice to the clerk under the new method, and where he stands upon such contention, the motion to dismiss the appeal must be granted.

MOTION to dismiss an appeal from an order of the Superior Court of Los Angeles County refusing to confirm a sale of real estate. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Simons, Bradner & Ross, for Appellant.

J. Wiseman Macdonald, for Respondents.

SHAW, J.—The respondents move the court to dismiss the appeal upon the ground that no transcript of the record on appeal has been filed, and that the time allowed therefor has expired.

On January 28, 1910, the superior court made an order refusing to confirm the sale of the real property of the estate, theretofore made and reported to the court for confirmation by certain persons claiming to act as trustees. The order was entered by the clerk on the day on which it was made. On February 5, 1910, Hamaker, the purchaser at said sale, filed a notice of appeal from said order. The notice of motion to dismiss the said appeal was served and filed on April 1, 1910. No transcript of the record on appeal has been filed. The time elapsing between the perfecting of the appeal and the filing of the notice of motion to dismiss the same was fifty-five days. Rule II, [144 Cal. xl, 78 Pac. vii], of this court requires the printed transcript of the record to be filed within forty days after the appeal is perfected. Rule V, [144 Cal. xliii, 78 Pac. viii], provides that the appeal may be dismissed if the transcript of the record is not filed within the time prescribed, or before a notice is given of a motion to dismiss the same.

These rules were made prior to the enactment of sections 953a, 953b, and 953c of the Code of Civil Procedure, providing that the transcript required on appeal need not be printed when it is prepared in the method therein prescribed. At the time this motion to dismiss was instituted no rule had been made by this court fixing any limit of time within which, after taking an appeal, the appellant shall file the transcript of the record, in case he proposes to prepare it in the new method and not have it printed. The appellant now declares that he intends to follow this new method and he claims that rule II does not apply and that he is not in default for not filing the transcript within the time mentioned.

The motion is not based on the ground that the appeal has not been prosecuted with reasonable diligence, but solely upon the claim that there has been a failure to file the transcript within the forty days prescribed by said rule. It is obvious

that the rule has no application to the filing of a transcript which need not be printed. This answer to the motion would be sufficient if it appeared that there yet remained an opportunity to the appellant to take advantage of sections 953a, 953b, and 953c by filing a typewritten transcript of the record prepared in the manner therein provided. But an examination of the facts disclosed upon the hearing satisfies us that the appellant has lost the right to follow this proceeding.

Section 953a provides that when the appellant desires to have the record presented in the new method he may file with the clerk of the court below "a notice stating that he desires and intends to appeal, or has appealed therefrom, and requesting that a transcript of the testimony offered or received, and all rulings, instructions, acts or statements of the court, also all objections or exceptions of counsel, and all matters to which the same relate, be made up and prepared. Said notice must be filed within ten days after notice of the entry of the judgment, order or decree. . . . The stenographic reporter shall, within twenty days after said notice has been filed with the clerk, prepare a transcript of the phonographic report of the trial including therein copies of all writings offered or received in evidence and all other matters required by the notice above referred to to be therein contained, and shall file the same with the clerk. . . . If the judgment, order or decree appealed from be not included in a judgment-roll, the party desiring to appeal shall on the filing of said notice specify therein such of the pleadings, papers, records and files in said cause as he desires to have incorporated in said transcript, in addition to the matters hereinbefore required and the same shall be included."

Section 953b requires the appellant who thus proceeds under section 953a, to file with the notice to the clerk an undertaking, with sureties, to pay to the clerk the costs of preparing such transcript.

Section 953c provides that after the transcript is prepared in the manner specified in section 953a, "it shall be the duty of the clerk of the court from which the appeal is taken, within ten days after the preparation of the record, to transmit to the clerk of the court to which the appeal is taken, the record prepared."

In the present case the order appealed from was not one

which required a judgment-roll to be made up, and hence a notice to the clerk to have the transcript prepared would be necessary in order to enable him to know what papers were to be included therein. It is admitted that no notice was ever given or filed with the clerk as required by section 953a. Under said section the notice to the clerk must be filed within ten days "after notice of the entry of the judgment, order or decree." It appears by the affidavits filed upon the hearing that the appellant was present at the time the order was made and announced in open court, and that a few days thereafter he was in the clerk's office and read the order and stated that he was satisfied with its form. The filing of a notice of appeal therefrom on the fifth day of February, 1910, is, of course, conclusive evidence that he knew of said order and of its contents at that time. It is therefore proven by incontrovertible evidence that he had full knowledge of the order at least as early as February 5, 1910. If this fixed the beginning of his time to give the notice to the clerk, then that time had elapsed long before the proceeding to dismiss the appeal was initiated. We think it does fix at least the latest point of time for the beginning of that period and that by failing to give that notice he has lost his right to proceed with the preparation of the transcript on appeal in that manner. The only course then remaining to him was to have the transcript of the record on appeal printed and filed in the ordinary manner and within the time prescribed by rule II, aforesaid. No proceeding to obtain a bill of exceptions has been begun. Hence, the time for filing the transcript has not been extended thereby, as provided by the exception stated in that rule. Relief from the failure to give notice to the clerk, under section 953a, if it can be given at all, must be sought in the lower court. No application for such relief has been made to that court. The failure to file the printed transcript might be excused by this court if good cause was shown therefor. No sufficient excuse appears. The motion to dismiss the appeal must therefore be granted.

It is suggested by the appellant that the ten days within which he should file with the clerk a notice to prepare the transcript does not begin to run until the service upon him of a written notice of the entry of the order, that a conclusive admission of notice appearing of record, is not sufficient, and

that, there having been no service of formal written notice, his time to proceed under section 953a has not expired and hence that he is not in default for not filing the transcript. The proposition that a written notice of the entry of the order is necessary to start running the time for filing the notice to the clerk by the appellant is not sustained, as we understand the authorities. This statute has not been construed, but other decisions upon similar statutes establish the rule to be applied. Section 476 of the Code of Civil Procedure provides that the time to amend or answer a pleading after a demurrer has been sustained thereto runs from the time of service of notice of the decision or order. In *Barron* v. *Deleval,* 58 Cal. 96, it was decided that a written notice was not necessary to set this time running and that where the party is present in court at the time the ruling is made and requests additional time to that given by the statute, these facts are equivalent to notice or to a waiver thereof, and that his time begins to run immediately. This decision has been followed in *Mullally* v. *Benevolent Society,* 69 Cal. 559, [11 Pac. 215]; *Kelleher* v. *Creciat,* 89 Cal. 41, [26 Pac. 619]; *Waddingham* v. *Tubbs,* 95 Cal. 251, [30 Pac. 527]; *Wall* v. *Heald,* 95 Cal. 367, [30 Pac. 557]; *Forni* v. *Yoell,* 99 Cal. 177, [33 Pac. 887], and *Mallory* v. *See,* 129 Cal. 359, [61 Pac. 1123]. A somewhat different rule was stated in *Biagi* v. *Howes,* 66 Cal. 470, [6 Pac. 100]. Section 659 as then existing provided that a notice of intention to move for a new trial must be given within ten days "after notice of the decision of the court." It was held in the case just cited that the notice of the decision of the court must be in writing and that actual notice was not sufficient to set the time running. This decision seems to have been based chiefly on the provision of section 1010 of the Code of Civil Procedure that notices must be in writing. This decision was in Department and it was overruled in *California Imp. Co.* v. *Baroteau,* 116 Cal. 139, [47 Pac. 1018]. In that case, after referring to the fact that the decision in *Biagi* v. *Howes,* 66 Cal. 470, [6 Pac. 100], had not been followed in the later cases, the court says: "That case, however, seems to have been based upon authority of cases where there was a statutory provision that there must be a written notice of the decision, and upon that ground it was distinguished from the other cases upon the subject in the opinion of the court in *Mullally* v. *Benevolent*

*Society,* 69 Cal. 559, [11 Pac. 215] ; and if it cannot be so distinguished, it must be held as overruled by the later decisions above cited." It may be observed further that section 941b, which makes new provisions regarding the method of giving a *notice of appeal,* provides that such notice must. be filed "within sixty days after notice of entry of said judgment, order or decree *has been served upon the attorneys* of record appearing in said cause or proceeding," or not later than six months after entry, if no notice thereof is given. From that language it may be a fair inference that the notice there contemplated is necessarily a notice in writing which may be served in the ordinary manner of serving a writing. In section 953a, the provision departs from the language of 941b, and specifies only that the notice to the clerk must be filed "within ten days after notice of entry of the judgment, order or decree." It does not refer to or require the service upon the party of any such notice of the entry. The language is therefore precisely the same in effect as that of the various statutory provisions which were under consideration in the cases which we have cited in which it is held that actual notice established by satisfactory evidence of record will start the statute in motion without the service of a formal written notice.

The principal point urged by the appellant in opposition to the motion to dismiss is that his failure to file the transcript within the prescribed period was due to the inadvertence and excusable neglect of his attorney. There can be no doubt that where such default is made under circumstances which would show good cause for relief under the decisions on that subject in applications under section 473 of the Code of Civil Procedure, whether that section be applicable to the supreme court or not, this court should grant similar relief, allow the transcript to be filed after the time fixed by the rule, and retain the appeal. But the facts do not bring the case within those rules. The only excuse offered is that the attorney, after filing the notice of appeal, elected to have the record prepared in accordance with section 953a, and thereupon conceived the idea that the notice to be given to the clerk for the preparation of the transcript under that section would not have any effect and would not be mandatory upon the clerk, unless there was on file in his office at the time a duly

·served notice to the appellant's attorney of the entry of the order appealed from, and that, with this idea in mind, he deferred giving any notice to the clerk and awaited the service of notice to himself of the entry of the order from which the appeal was taken, and of which he already had full knowledge. There is nothing whatever in the language of the statute which furnishes any plausible reason for such idea. A mistake so palpable and groundless should not serve as a ground for relief from the delay it caused. It was itself without excuse. Furthermore there is on file a stipulation signed by the same attorney on the twenty-third day of March, 1910, which was after the time for filing the printed transcript had expired, and before service of the notice of motion to dismiss, in which he states that the appellant does not desire to prosecute the appeal and agrees that it may be dismissed. The appellant declares that he did not authorize the making of the agreement and that he repudiates it. In the affidavit of said attorney to show excusable neglect he says the stipulation to dismiss was made by him in good faith, without his client's consent, and solely because he then believed that by the delay in filing the transcript the appeal was rendered futile. It is clear, therefore, that when he filed this stipulation he was aware of his mistake. If he had applied to this court for additional time within which to file the transcript, stating the facts, it would no doubt have been granted. Eight days elapsed before the notice of motion to dismiss was given. No application for time was made in the mean time and no reason is offered for failing to apply therefor. Lastly, if rules similar to those governing applications for relief under section 473 of the Code of Civil Procedure are to be applied here, the party asking relief from his default must, at least, show that he has consulted counsel and has been advised by them that in their opinion he has reasonable grounds to expect a reversal of the order appealed from if the appeal were considered on the merits. No assertion of this character is made. The appellant stands contending merely for the technical right.

The appeal is dismissed.

Sloss, J., Lorigan, J., and Angellotti, J., concurred.