[Civ. No. 2452.   First Appellate, District.—September 24, 1918.]

ZAR Z. BRANDON, Appellant, v. SULLIVAN TRACTOR
COMPANY (a Corporation), et al., Respondents.

JUDGMENT BY DEFAULT—RELIEF—MISTAKE OF LAW.—The court below
did not err in vacating a default judgment, entered for failure either
to file a special demurrer or an answer, after a general demurrer had
been overruled, with permission to the defendant to file a special de-
murrer, where it appeared from the record that the defendant's at-
torney, whose neglect had permitted the default to be taken, had
labored under a mistake of law, that his delay was for a period of
only two weeks, and that he moved promptly when he discovered that
a default had been entered.

APPEAL from an order of the Superior Court of Alameda
County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

Ramsey Probasco and Sapiro & Ehrlich, for Appellant.

De Lancey C. Smith, for Respondents.

STURTEVANT, J., *pro tem.*—This is an appeal from an
order of the superior court of Alameda County setting aside a
default judgment which had been entered against the re-
spondents and permitting them to file an answer.

The plaintiff filed a complaint against the defendants, and
on August 17, 1916, the superior court overruled a general
demurrer to this complaint, but in doing so granted the de-
fendants permission to file a special demurrer within five days
thereafter.   On the twenty-eighth day of August, 1916, no
special demurrer or answer having been filed, the default of
the defendant Sullivan Tractor Company, a corporation, was
entered by the clerk upon the request of the plaintiff; on the
eighth day of September the clerk, upon plaintiff's request,
entered the default of the remaining defendants, and on the
same day the court ordered judgment as prayed against all
of the defendants.   Thereafter, and on the eleventh day of
September, 1916, the defendants gave notice that they would
move to set aside their default and the judgment entered pur-
suant thereto; that said motion would be made under sec-

tion 473 of the Code of Civil Procedure, upon the ground that these proceedings were taken against them by reason of excusable neglect. They supported this notice and a motion subsequently made and granted pursuant thereto by certain affidavits. One of these affidavits was by the Honorable Milton T. Farmer, the judge who overruled the general demurrer, in which he stated that had he been requested at the time the demurrer was overruled to grant the defendants time in which to answer, he would have granted them at least ten days for such purpose. The other material affidavit is by Mr. De Lancey C. Smith. Mr. Smith deposes that his failure to ask for time in which to answer was due entirely to inadvertence and excusable neglect by reason of the fact that at the time the general demurrer was overruled it was his intention to demur specially, as suggested by the court; and, if he had done so, the necessity for filing an answer would not have arisen for some time thereafter; that this neglect of his arose from the fact that it is the common practice and usage in the superior court of Alameda County for the prevailing party to serve upon the adverse party notice of the ruling of the court upon such demurrer, and the party served with such notice computes his time for his next appearance from the date of the service of such notice; and, in accordance with this practice, he had a conversation with Ramsey Probasco, one of the attorneys for the plaintiff, on or about the twenty-sixth day of August, during which he discussed with Probasco the fact that up to the time of that conversation plaintiff had not served the defendants with notice of the court's ruling on the demurrer, and that Probasco during that conversation stated that he thought notice had been served, and, if it had not been, he would serve it immediately. In this affidavit, Mr. Smith admits that he was negligent in not asking the court for time in which to answer if he should conclude not to file the special demurrer suggested; and states in addition to the foregoing facts that it was due to his excusable neglect in not so requesting the court for time for that purpose and that he overlooked the necessity of answering within ten days.

The lower court, after hearing the motion, granted it, and the plaintiff appeals from this order on the ground that the neglect of Mr. Smith was inexcusable under the authorities.

The appellant claims that the trial court erred in making its order vacating the default, and the appellant relies in this behalf on the rule as stated in *Thornton* v. *Borland*, 12 Cal. 439; *Smith* v. *Yreka Co.*, 14 Cal. 201; *Williamson* v. *Joyce*, 140 Cal. 669, [74 Pac. 290]; *Barron* v. *Deleval*, 58 Cal. 95; *Wall* v. *Heald*, 95 Cal. 365, [30 Pac. 551]; *Bell* v. *Thompson*, 8 Cal. App. 483, [97 Pac. 158]; *Estate of Keating*, 158 Cal. 109, [110 Pac. 109]. Those cases were based on facts that are not closely in point. We think the facts in this case bring it within the rule as stated in *O'Brien* v. *Leach*, 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004]; *Berri* v. *Rogero*, 168 Cal. 736, [145 Pac. 95]; *Hagenkamp* v. *Equitable Life Assur. Soc.*, 29 Cal. App. 713, [156 Pac. 520].

The record shows that the defendant's attorney labored under a mistake of law; that his delay was for a period of only two weeks; and that he moved promptly when he discovered that a default had been entered. The order is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.