[Civ. No. 4734. Second Appellate District, Division Two.—May 8, 1928.]

UNION OIL COMPANY OF CALIFORNIA (a Corporation), Respondent, v. CONEJO OIL COMPANY (a Corporation), Appellant.

Ben S. Hunter for Appellant.

Cooney & Kelley for Respondent.

THOMPSON, J.—This was an action to recover money alleged to be due for certain goods, wares, and merchandise alleged to have been sold and delivered to defendant.

Defendant filed a general demurrer to the complaint. The demurrer was overruled and defendant given ten days to answer. Upon defendant's failure to answer its default was entered and subsequently judgment was entered by the clerk pursuant to the prayer of the complaint.

Appellant's sole contention on this appeal is that the judgment is void in that the county clerk is without authority to enter a judgment against a defendant who has appeared in the action.

Appellant cites authorities to sustain the proposition that the clerk in entering a judgment acts not in a judicial but in a purely ministerial capacity and can only enter a judg-

ment when expressly authorized to do so by statute. Section 585 of the Code of Civil Procedure prescribes when judgment may be had if defendant fails to answer the complaint. Subdivision 1 is as follows:

"In an action arising upon contract for the recovery of money or damages only, if the defendant has been personally served and no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount demanded in the complaint, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in section four hundred and fourteen."

In the instant case no answer was filed within the time specified in the summons. Upon the overruling of the demurrer a further time of ten days was granted and no answer was filed within such further time so granted, and the statute provides that in such case upon the application of the plaintiff the clerk must enter the default of the defendant and immediately thereafter enter the judgment for the amount demanded in the complaint and for costs.

The clerk is not only "expressly authorized" to enter the judgment, but he "must" enter it.

Appellant states that the precise question here involved has not, so far as appellant has been able to ascertain, been directly passed upon. That may be, but the fact remains that the point was decided in 1884 and a bit of diligence would have uncovered the authorities of *Baily* v. *Sloan,* 65 Cal. 387 [4 Pac. 349], and *Wall* v. *Heald,* 95 Cal. 364 [30 Pac. 551].

No answer having been filed by defendant, either within the time specified in the summons or the further time of ten days granted by the court, the defendant was plainly in default within the meaning of section 585 of the Code of Civil Procedure.

The appeal is so obviously without merit that we are compelled to the conclusion that it is purely frivolous and intended solely for the purpose of delay.

Judgment affirmed, with instructions to the trial court to enter judgment in favor of respondent and against appellant for the sum of $100 and costs of this appeal.

Works, P. J., and Valentine, J., *pro tem.*, concurred.