## DE LA TORRE et al. v. NATIONAL CITY BANK OF NEW YORK.

### No. 3202.

Circuit Court of Appeals, First Circuit.

June 1, 1937.

Rehearing Denied Aug. 11, 1937.

400

Francisco de la Torre and Luis Munoz Morales, both of San Juan, Puerto Rico, for appellants.

Earle T. Fiddler, of San Juan, Puerto Rico, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of Puerto Rico affirming a default judgment entered by the clerk in the District Court of San Juan.

The action is brought upon a promissory note, dated San Juan, P. R., May 20, 1929, in which the defendant F. de la Torre and his sister, Mercedes de la Torre, bound themselves as follows: "We jointly and severally promise to pay to the order of 'American Colonial Bank of Porto Rico at the American Colonial Bank of Porto Rico in San Juan ten thousand three hundred ninety-eight 38/100 dollars,' with interest at the rate of 9% per annum after maturity, presentation and protest being expressly waived." The note was indorsed on the back, "Pay to the order of The National City Bank of New York, without recourse," and signed, "American Colonial Bank of Porto Rico. R. Torres Ramis, Assistant Cashier."

The action was brought by the plaintiff, the National City Bank of New York, against Francisco de la Torre and Mercedes de la Torre, and the complaint was as follows:

"Now comes the plaintiff, The National City Bank of New York, by its undersigned attorneys, and, as a cause of action against the defendants, alleges and states.:

"I. That the plaintiff is a banking corporation, organized under the laws of the United States of America, duly authorized to do business in Puerto Rico; and the defendants are over 21 years of age, the defendant Mercedes de la Torre being married to Arturo O'Neill.

"II. That on May 20, 1929, the defendants Francisco de la Torre and Mercedes de la Torre jointly and severally, subscribed and delivered to the American Colonial Bank of Porto Rico, for value received, a promissory note for the sum of $10,398.38, payable on June 12, 1929, with interest at 9 percent per annum after maturity, which note was acknowledged by a deed No. 32, May 20, 1929. A true and faithful copy is attached to this complaint as a part thereof.

"III. That subsequently thereto the said American Colonial Bank of Porto Rico endorsed to the plaintiff, The National City Bank of New York, the aforesaid note, of which it is the present owner and holder.

"IV. That the aforesaid promissory note has been due since June 12, 1929, and none of the defendants has paid totally or partially the said principal sum of $10,398.-38, or the interest on said sum at 9 percent per annum from and after October 12, 1929.

"Wherefore, the plaintiff respectfully prays this Honorable Court that this complaint be sustained and that the defendants Francisco de la Torre and Mercedes de la Torre be sentenced to pay, jointly and severally, to the plaintiff the principal sum of $10,398.38, plus interest at the rate of 9 percent per annum from and after October 12, 1929, until the whole debt is totally paid, plus the costs, disbursements and attorneys' fees to which this suit may give rise.

"San Juan, Puerto Rico, July 3, 1931."

The facts stated in the complaint were verified by Burt O. Clark, manager of the City National Bank of New York in Puerto Rico.

In the District Court of San Juan the defendant Mercedes confessed judgment, and on June 11, 1932, judgment by confession was rendered against her. The defendant Francisco demurred to the complaint as not stating facts sufficient to constitute a cause of action. His demurrer was overruled and he was granted ten days in which to answer. Upon his answer being filed, the plaintiff demurred to it and its demurrer was sustained. The court then gave the defendant ten days within which to amend his answer, which he failed to do. Thereafter the plaintiff applied to the clerk of the District Court for the entry of a default and judgment under the provisions of section 194 of the Code of Civil Procedure (Revised Statutes and Codes of Puerto Rico 1913, § 5178), and, after notice to the defendant of the order sustaining the demurrer, a default and judgment were entered by the clerk on April 25, 1933, as follows:

· "Considering the motion presented by the plaintiff wherein is prayed the entry of the default of the defendant Francisco de la Torre and the rendition of judgment against him, for the principal sum, plus the interest, claimed in the complaint and specified in the summons, plus the costs of this suit, and it appearing from the record that the defendant has not filed an amended answer to the complaint within the term granted by the order of this court of January 30, 1933, and that he did not obtain an extension of said term, the default of the defendant Francisco de la Torre having been entered, the undersigned clerk, in conformity with the provisions of paragraph 1 of Section 194 of the Code of Civil Procedure of Puerto Rico, enters the present judgment sentencing the defendant Francisco de la Torre to pay to the plaintiff, The National City Bank of New York, the principal sum of $10,398.38, with interest at 9 percent per annum from and after October 12, 1929, until final payment, plus the costs, disbursements and attorneys' fees to which this suit may give rise.

"Given and entered in San Juan, Puerto Rico, this twenty-fifth day of April, 1933.

"Jorge Ortiz Toro, Clerk."

The default judgment having been entered, the defendant Francisco, on May 27, 1933, appealed to the Supreme Court, and in his assignments of error complained that the court below erred (1) in overruling the demurrer to the complaint; (2) in sustaining the demurrer to the answer; and (3) complained that the entry of the default judgment by the clerk without the intervention of the court was invalid.

In the Supreme Court the default judgment was held valid, as were also the orders of the District Court overruling the demurrer to the complaint and sustaining the demurrer to the answer. And on February 20, 1935, the Supreme Court entered the following judgment:

"For the reasons stated in the foregoing opinion, the appeal is denied and the judgment appealed from affirmed."

Thereafter the defendant moved for reconsideration, written arguments were presented, and the court, after considering the case anew, declined to modify its judgment of February 20, 1935, and the defendant Francisco appealed therefrom to this court. The errors assigned, so far as material, are those complained of in the assignments of error on the appeal to the Supreme Court.

As we view the case, if the judgment entered in the District Court by the clerk, without the intervention of the court, was valid, as the Supreme Court held, then it was open to that court to determine whether the orders overruling the demurrer to the complaint and sustaining the demurrer to the answer were correct, for the complaint, the demurrer to the complaint, the order overruling that demurrer, the answer, the demurrer to the answer, and the order sustaining that demurrer were all parts of the record proper, none of which required a bill of exceptions to make them a part of the appeal record.

The first question, therefore, is whether the default judgment was a valid one.

Section 194 of the Code of Civil Procedure of Puerto Rico (Revised Statutes and Codes of Porto Rico (Ed. 1911) page 840, § 5178) in paragraphs 1 and 2, provides:

"Sec. 194. Judgment may be had, if the defendant fail to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the

costs, against the defendant, or against one or more of several defendants, in the cases provided for in section 96.

"2. In other actions, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary must enter the default of the defendant; and thereafter the plaintiff may apply at the first or any subsequent term of the court for the relief demanded in the complaint. If the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof; or may, in its discretion, order a reference for that purpose; or if, to determine the amount of damages, the examination of a long account be involved, by a reference as above provided."

The Supreme Court in its first opinion held the judgment valid, though entered by the clerk without the intervention of the court, for the reason that the suit was one based on a contract for the payment of money—a promissory note—and therefore the clerk was authorized under section 194 of the Code of Civil Procedure to enter the judgment, and in support of its position said:

"The question raised was decided against the appellant [the defendant] in Cochran, Receiver, v. Fernandez, 47 P.R.R. (47 D.P.R. 704). See also the following decisions of the Supreme Court of California: Union Oil Co. v. Conejo Oil Co. [91 Cal.App. 652] 267 P. 320, Wall v. Heald, 95 Cal. 364 [30 P. 551] and Bailey v. Sloan, 65 Cal. 387 [4 P. 349]."

In these cases it was held that the authority given the clerk by section 194 (section 585 of the California Code Civ.Proc.), to enter judgment after default, was solely ministerial and, in exercising it, he must conform to the provisions of the section or the judgment entered by him would be void; that his authority under the first paragraph of the section was limited to contracts which provide for a liquidated amount of damages, or which contain terms by which a definite sum may be ascertained by computation; that, if the contract declared on is indefinite as to the amount of damages, then the clerk is without authority to enter judgment and resort must be had to the court. And it is apparent that the Supreme Court, in construing the complaint in this case, regarded it as based upon a contract

or note, the amount of which was fixed or capable of being fixed by computation, and that the inclusion in the prayer of the complaint of a request for the allowance of costs, disbursements, and attorneys' fees was nothing more than a request for costs which the clerk was authorized to allow as a matter of course in the judgment when entered. See section 194.

In this we think the court was right; that, if the prayer of the complaint had not included such a request, the clerk, upon request, could have entered a provision in the judgment for costs, disbursements, and attorneys' fees. The Code of Civil Procedure, in section 328, subdivision 3 (Revised Statutes and Codes of Puerto Rico 1913, § 5372, subd. 3), provides for the allowance of costs to the plaintiff as "of course * * * upon a judgment in his favor * * * in an action for the recovery of money, other than those for the recovery of damages." And in section 327 (Revised Statutes and Codes of Puerto Rico 1913, § 5371), "where costs have been allowed to one party" to any action, it is provided that "if the subject matter exceeds five hundred dollars, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services," provided that attorney's fees will not be included in costs taxed against a defendant who has not appeared to the action; and provided further that the fees and costs shall be determined by the judge hearing the cause.

In view of these provisions as to costs we are of the opinion that, inasmuch as the defendant was in default, as the amount due on the note exceeded $500 and was capable of being fixed by calculation, and the defendant had appeared to the action, all of which matters were of record, the clerk was authorized to enter judgment for the amount due on the note and to allow costs as a matter of course, including therein, as items of costs, the plaintiff's disbursements and attorneys' fees, but leaving the amount thereof to be afterwards determined by the court, as provided in sections 328 and 327.

But we do not agree to the position taken by the court in its second opinion on reconsideration, that as the defendant did not move in the District Court to set aside the judgment, he was precluded from raising the question of its validity on appeal. This might be so if the facts essential to the presentation of the question did not

appear on the appeal record; but in this case all the facts essential to a consideration of the question so appeared.

The decision of the California Court in construing a like provision of its Code (in Bailey v. Sloan, 65 Cal. 387, 4 P. 349) does not support the court's position on reconsideration. That was the case of the entry of a default judgment by the clerk. The judgment was entered under authority of section 585 of the Code of Civil Procedure of that state. There was no question about the defendant having failed to answer. Neither was there any question but that the judgment was for the amount stated in the complaint and specified in the contract. The defendant's complaint in the appellate court was that he had not had written notice of the overruling of his demurrer to the complaint, which the Code called for. But, inasmuch as the appeal record did not show the fact that no notice of the overruling of his demurrer had been given him, the court held: "If none was given, and the defendant wished to avail himself of the omission, he should have moved, in the court below, to set aside the default and judgment on that ground, and, if his motion had been denied, appealed from the order denying such motion. In that way alone could he have got the question, which he now seeks to raise, before this court."

That is not the situation here, for all the facts essential to a determination of the question of validity were before the Supreme Court on the appeal record and it was called upon to determine the validity of the judgment with reference to those facts. This it did in its prior opinion and the conclusion there reached upon the question we approve, but for the reasons above stated.

■ We are also of the opinion that the Supreme Court did not err in overruling the demurrer to the complaint. By the terms of the note the defendant Francisco became a joint and several maker and thereby obligated himself to pay the note the same as his sister Mercedes did. The National City Bank of New York v. Martinez Llonin, 41 Porto Rico 162.

We are further of the opinion that the court did not err in sustaining the demurrer to the answer. The answer in its various provisions was ambiguous, indefinite, and contradictory in itself, while the note sued on was definite in its obligation and bound the defendant as a several maker, not as a

surety, which obligation the mortgage affirmed, if affirmation was necessary.

The judgment of the Supreme Court of Puerto Rico is affirmed, with costs in this court to the appellee.

## On Petition for Rehearing.

### PER CURIAM.

Since our opinion was handed down in this case on June 1, 1937, the defendant, Francisco de la Torre, has moved for a rehearing suggesting that the provisions contained in subdivision 1, section 194, of the Code of Civil Procedure (Revised Statutes and Codes of Puerto Rico 1913, § 5178, subd. 1), authorizing the clerk or secretary of the court to include costs in a default judgment, and the provisions of section 328, subdivision 3 (section 5372, subd. 3), allowing costs to a plaintiff as "of course * * * upon a judgment in his favor," were repealed by Act No. 38 of Puerto Rico of 1917, amending section 327 of the Code of Civil Procedure. Section 327, as amended in 1917, reads as follows:

"Section 327. Parties to actions or proceedings, including the People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; Provided, That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; And Provided Further, that the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered.

"That all laws or parts of laws in conflict herewith are hereby repealed."

■ The Supreme Court, in construing section 327 as amended, has held that since its enactment both the imposition of costs in a judgment and the amount allowed rest in the sound discretion of the trial judge. Castro v. Societe Anonyme des Sucreries de Saint Jean, 34 P.R.R. 546, 550. Also that "all laws with respect to costs inconsistent

with the provisions contained in Section 327 as amended" are repealed, including section 328; that "costs 'as a matter of course' do not exist in Porto Rico." Zorrilla v. Orestes, 28 P.R.R. 698, 700, 701.

In view of the provisions of section 327 as amended and the decisions of the Supreme Court construing them, we conclude that the authority conferred upon the clerk or secretary of the trial court by section 194, subdivision 1, to include costs in a default judgment, was likewise done away with, and that, at the time of the entry of the judgment in question, he was not authorized to include costs therein. This being so, the question is presented whether the judgment is void in its entirety, or only as to the provision imposing costs.

A like question arose in California, the state from which section 194 was taken, in the case of Wallace v. Eldredge, 27 Cal. 495, 496, and it was there held that the default judgment was void only as to the part the clerk was without authority to enter. Having so held, the case was remanded to the trial court for amendment in that particular. In that case the default judgment, as entered by the clerk, was made payable "in current gold and silver coin of the United States of America," while the notes sued upon were not made payable in any specific kind of money or currency. For this reason it was held that the portion of the judgment specifying the kind of money in which the judgment was to be paid was void. The court, however, further stated: "But that entry did not affect, or in any manner impair the validity of the judgment for the recovery of the money, and is as powerless as would be any unauthorized entry in respect to the obligation or lien of the judgment. Utile per inutile non vitiatur." Having reached this conclusion, the case was remanded for amendment of the judgment, as above stated. That is what must be done here; and the case having been remanded to the District Court of San Juan, that court should strike from the judgment the unauthorized provision and then proceed and determine, in the exercise of its discretion, whether costs and attorney's fees should or should not be included in the judgment, and, if included, their amount, as provided in section 327, as amended, and section 339 (Revised Statutes and Codes of Puerto Rico 1913, § 5383).

Our present order is: The petition for rehearing is denied. Our prior order of June 1, 1937, is vacated. The judgment of the Supreme Court is affirmed, except in so far as it affirmed the judgment of the District Court of San Juan as to costs. In that particular it is vacated and the case is remanded to the Supreme Court of Puerto Rico for further proceedings not inconsistent with this opinion. No costs in this court.