THE NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellee, v. FRANCISCO DE LA TORRE, Defendant and Appellant; MERCEDES DE LA TORRE ET AL., Defendants.*

No. 6418.  Argued December 20, 1934.—Decided February 20, 1935.

* NOTE.—On appeal to the U. S. Circuit Court of Appeals for the First Circuit, this decision was affirmed in part and reversed in part.  See De la Torre v. National City Bank, 91 F. (2d) 399.

*L. Muñoz Morales* and *J. Ramírez Santibáñez* for appellant. *E. T. Fiddler* and *J. L. Córdova* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The pertinent part of the complaint herein reads as follows:

"I. That the plaintiff is a banking corporation, organized under the laws of the United States of America, duly authorized to do business in Puerto Rico; and the defendants are over 21 years of age, the defendant Mercedes de la Torre being married to Arturo O'Neill.

"II. That on May 20, 1929, the defendants Francisco de la Torre and Mercedes de la Torre, jointly and severally, subscribed and delivered to the American Colonial Bank of Porto Rico, for value received, a promissory note for the sum of $10,398.38, payable on June 12, 1929, with interest at 9 per cent per annum after maturity, which note was acknowledged by a deed No. 32, executed before Notary Public Juan de Guzmán Benítez, on May 20, 1929. A true and faithful copy of said promissory note is attached to this complaint as a part thereof.

"III. That subsequently thereto the said American Colonial Bank of Porto Rico endorsed to the plaintiff, The National City Bank of New York, the aforesaid note, of which it is the present owner and holder.

"IV. That the aforesaid promissory note has been due since June 12, 1929, and none of the defendants has paid totally or partially the said principal sum of $10,398.38, or the interest on said sum at 9 per cent per annum from and after October 12, 1929."

And the promissory note reads thus:

AMERICAN COLONIAL BANK OF PORTO RICO.

"$10,398.38.                    San Juan, P. R., May 20, 1929.

"On June 12, 1929, after date, for value received, we jointly and severally promise to pay to the order of 'American Colonial Bank of Porto Rico' at the American Colonial Bank of Porto Rico in San Juan ten thousand three hundred ninety-eight 38/100 dollars, with interest at the rate of 9% per annum after maturity, presentation and protest being expressly waived. All arrearages of interest to bear interest at the rate of nine per cent per annum until paid.

"And we, and each of us, hereby authorize any attorney of any Court in the Island of Porto Rico, to appear for us, either, or any of us, in any such Court, at the suit of the then holder of this obligation upon the same, at any time after the maturity thereof, and waive the issuing and serving of process, and confess judgment against us, either, or any of us, and in favor of such holder, for the amount then appearing due thereon with interest upon the principal sum due and upon all arrearages of interest, and for costs of suit and attorney's fees, and release all errors, and we do hereby waive all stay of execution from and after the maturity of the above note. We and each of us, hereby agree that the holder of this note may, for any valuable consideration, extend the time of payment thereof, without notifying us, and that we will remain liable thereon thereafter as if we had expressly consented to such extension.—(Signed) Mercedes de la Torre; Address: Box 17, Hato Rey. (Signed) F. de la Torre; Address: Box 427, San Juan, P. R.

"It is expressly understood and agreed that the said bank may, at its option, at any time, appropriate and apply to the payment and extinguishment of any of the above mentioned notes, obligations or claims, whether now existing [or] hereafter contracted, any and all moneys now or hereafter on deposit or otherwise with said bank to the credit or belonging to . . . whether said notes, obligations or claims are then due or not due.

[On the back thereof it reads:]

"I, (we) hereby agree and consent to any extension of time or renewal of the within note and guarantee the payment of the same when due, or at any time thereafter, waiving demand, notice and protest.—F. DE LA TORRE.

"Pay to the order of THE NATIONAL CITY BANK OF NEW YORK, without recourse. AMERICAN COLONIAL BANK OF PORTO RICO.—(Signed) R. TORRES RAMIS, Assistant Cashier."

On June 11, 1932, a judgment by confession was rendered against the defendant Mercedes de la Torre, which was notified to her on the 15th and is unappealable (*firme*).

The other defendant Francisco de la Torre demurred to the complaint claiming lack of facts. The demurrer was overruled. He finally answered alleging three defenses.

By the first defense he accepted paragraphs 1 and 3 of the complaint; as regards the second, he denied that he subscribed the promissory note severally; and as regards the fourth, he denied that the note matured on July 12, 1929, and admitted not having paid the principal, nor part thereof, nor the interest.

By the second defense he averred that the American Colonial Bank loaned to the defendant Mercedes de la Torre $10,398.38, the defendant agreeing to act simply as her surety; that it was stipulated that the lender could extend to the borrower the payment of the obligation without the consent of the surety, but for a valuable consideration; that the defendant Mercedes de la Torre secured the loan besides with a mortgage, and that in the document, to wit, deed No. 32, executed before a notary on May 20, 1929, attached to the answer, the aforesaid condition of the extension for a valuable consideration was made to appear; that after the promissory note was signed and before the deed was executed, he agreed with the lender that his security be solidary, but on condition that no extensions should be allowed without his consent, unless such extensions were made with the payment of interest and besides for a valuable consideration; that in spite of that the American Colonial Bank, the same as its successor and assignee, the plaintiff, extended the obligation without the knowledge or consent of the defendant, without demanding from the debtor the payment of interest and without a valuable consideration, which extension was due first on May 20, 1930, and later in May, 1931.

By the third defense the defendant alleged that when he accepted the condition of being a surety he did so considering

that the principal debtor had undertaken to secure, as she did secure her debt with a mortgage over a property belonging to her, situated in Hato Rey; that the plaintiff by bringing this personal action, ignoring the mortgage, in order to secure the effectiveness of the judgment, obtained an attachment of three immovables of the defendant, and in spite of the fact that it has already obtained judgment herein against the debtor, has not acted for its recovery against the mortgaged property, thus renouncing impliedly to said lien and the mortgaged property thus remaining free from all liability; that the property mortgaged being freed in that manner the same was in part given in payment by the debtor to Eduardo Fossas, who has filed a complaint against the plaintiff bank for the cancellation of the mortgage in the registry of property as to the part purchased by him, and that by reason of the above stated facts the defendant is now prevented from being subrogated in the said mortgage, his codefendant, the debtor, lacking sufficient property to pay her obligations.

The mortgage deed attached to the answer was executed between the defendant and the American Colonial Bank, and therein it was stated:

1. That Mrs. Mercedes de la Torre is the owner of a piece of property which is described;

2. That said property belongs to her and was segregated from another which is described;

3. That the segregated property is free from encumbrances;

4. That Mrs. Mercedes de la Torre and Mr. Francisco de la Torre-Garrido are indebted severally to the American Colonial Bank of Porto Rico in the sum of $10,398.38, as appears from a promissory note to the order of the Bank, subscribed by both debtors on this date, which will mature on June 12, 1929, with interest at 9 per cent per annum.

5. The parties have covenanted that Mrs. Mercedes de la Torre shall guarantee the said obligation with the security of a first mortgage over the piece of property segregated and described in this deed, and that if the interest is punctually paid and with the several lia-

bility of both debtors, the American Colonial Bank will extend the term of said obligation as hereinafter will be set forth and accordingly they execute this deed with the following clauses:

"*First:* Mrs. Mercedes de la Torre de O'Neill and Mr. Francisco de la Torre-Garrido acknowledge owing jointly and severally to the American Colonial Bank of Porto Rico the sum of $10,398.38, received as a loan by Mrs. Mercedes de la Torre with the solidary liability of both debtors, to mature on June 12, 1929, as appears from the above-mentioned promissory note.

"*Second:* As collateral security for said debt, Mrs. Mercedes de la Torre de O'Neill constitutes a mortgage in favor of the American Colonial Bank on the piece of property of 9,571 square meters, segregated by this deed from the improvement project (*urbanización*) of Ciudad Nueva, for the term of one year from this date or for any other term or extension granted by the Bank, even though it may exceed said year, for the $10,398.38 owed, plus interest thereon at the rate of 9 per cent per annum until the day on which the debt is paid, and $1,000 for costs and attorneys' fees in case of judicial claim, the parties desiring and agreeing that this mortgage be recorded in the Registry of Property of San Juan and that such record shall be in force until the debt is totally paid.

"*Third:* In accordance with the terms of the promissory note herein described, the Bank may, at the request of any of the debtors, extend the term of said obligation from month to month, provided interest is paid at the expiration of each month at the agreed rate, or to substitute it for a new obligation, it being enough that in the same be made to appear that the obligation is also secured by this mortgage under the same conditions, the mortgage to remain always as a collateral security until the obligation is paid, and even though the renewals or new notes exceed the term of one year herein fixed as the term of the mortgage, inasmuch as the latter shall remain in full force securing said debt until fully paid to the Bank.

"*Fourth:* The mortgagee Bank reserves the right, in case of default on this obligation, to demand full payment from any of the debtors or from both and to bring judicial proceedings for the recovery of the mortgage, all this at the exclusive option of the Bank, in the order that may be deemed proper by the creditor, or to proceed against all the said securities at once."

The plaintiff demurred to the answer claiming lack of facts sufficient to constitute a defense, and on January 30, 1933, the

court sustained the demurrer in a reasoned decision which we deem it advisable to transcribe below:

"The plaintiff corporation herein has filed a complaint to recover on a promissory note signed by Francisco and Mercedes de la Torre to the order of the American Colonial Bank of Porto Rico, on May 20, 1929, for the sum of $10,398.38, with interest thereon, at 9 per cent per annum, and to mature on June 12, 1929. The said promissory note begins as follows:

" 'On June 12, 1929 (after date) for value received, we jointly and severally promise to pay to the order of the American Colonial Bank of Porto Rico . . .'

"This promissory note was secured by a mortgage on a property of Mercedes de la Torre executed by deed No. 32, of May 20, 1929, before Notary Juan de Guzmán Benítez, and there appeared as parties in said deed Francisco and Mercedes de la Torre, and the American Colonial Bank of Porto Rico. Copies of the note and of the deed are attached to the complaint and made a part thereof. The complaint was presented by The National City Bank as assignee of the American Colonial Bank of Porto Rico.

"The answer of the defendant Francisco de la Torre admits the execution of the promissory note, and its transfer to the plaintiff, as well as the nonpayment of the same, but denies that the note was signed by him severally with the other defendant Mercedes de la Torre; and in said answer is alleged besides what is called a 'second defense' and a 'third defense,' wherein the defendant claims that the legal relationship (nexo) between him and the plaintiff is that of surety and creditor.

"The plaintiff bank has filed a demurrer to the answer on the ground that the latter does not state facts sufficient to constitute a defense. The said demurrer has been submitted through briefs.

"In our opinion, the issue raised by the parties may be reduced to two questions.

"First: To the determination of whether the obligation Francisco de la Torre, as the same appears in the promissory note which is the object of this complaint and of deed No. 32 above mentioned, is a solidary obligation.

"Second: To the determination of whether the relationship existing between Francisco de la Torre and the plaintiff creditor is that of debtor and creditor or that of surety and creditor. If the conclu-

sion is reached that the obligation of Francisco de la Torre is a solidary one and that his relationship to the plaintiff bank is that of debtor and creditor, then we will have to hold that the demurrer is well founded and that the same should be sustained.

"*First Question:* The test for determining whether an obligation is joint (*mancomunada*) or solidary is given to us by the Civil Code in section 1090 (1930 ed.) which reads as follows:

" 'Section 1090. The concurrence of two or more creditors, or of two or more debtors in a single obligation, does not imply that each one of the former has a right to ask, nor that each one of the latter is bound to comply in full with the things which are the object of the same. This shall only take place when the obligation determines it expressly, being constituted as joint (*solidaria*) obligation'.*

"With this precept in view let us see whether the obligation expressly determines that the same is solidary.

"Great effort is made by the defendant to show that the words 'jointly and severally' used in the promissory note are not equivalent to '*mancomunada y solidariamente*' in Spanish. It is maintained that the English word for '*solidaridad*' is 'solidarity'. And this leads him to the conclusion that the words 'jointly and severally' used in the note do not mean that the obligation is a solidary one.

"We have searched Bouvier's Law Dictionary for the word 'solidarity' and the same does not appear therein, even though said dictionary consists of three large volumes and is one of the best, if not the best, law dictionary existing in the United States. We have searched for the same word in 'Practical Standard Dictionary' published by Funk & Wagnalls and it is defined thus: 'Coherence and oneness in nature, relation or interest, as of race, class, etc.' Immediately thereafter appears the word 'solidary' which is defined as follows:

" 'Rom. and Civ. Law. Designating a joint obligation on the part of several debtors any one of whom is liable for the whole.'

"On the other hand in the aforesaid Bouvier's Law Dictionary there appears the phrase '*in solidum, in solido*' and is defined thus:

" 'In Civil Law. For the whole; as a whole. An obligation or contract is said to be *in solido* or *in solidum* when each is liable for

---

* NOTE.—It is believed that a more adequate translation of the original Spanish text of this section would be as follows: "The concurrence of two or more creditors or of two or more debtors with respect to the same obligation does not imply that each of the former is entitled to demand the performance of the obligation in its entirety or that each of the latter is bound to so perform it. This shall be the case only when expressly so provided by the terms of the obligation, and the parties are bound *in solido*." See F. C. Fisher, "The Civil Code of Spain" (1918 ed.), pp. 236–237 (Art. 1137).

the whole, but so that a payment by one is payment for all; *i. e.*, it is a joint and several contract. 1 W. Bla. 388. . . . The phrase is commonly used in Louisiana.'

"We have no doubt whatever, and we always thought this was so, that the words 'jointly and severally' are equivalent to *'mancomunada y solidariamente'* used in the civil law. Besides, when our code was translated into English the phrase *'de las obligaciones mancomunadas y de las solidarias'* appearing as title to Article Fourth, Chapter III, Title I, Book Fourth of the Civil Code, was translated as 'several and joint obligations'. Civil Code, 1930, ed., page 235, Compilation of 1911, English ed., page 724.

"So that when the words 'jointly and severally' were used in the promissory note signed by the defendant, there is no doubt whatever that the intention was to refer to the obligations specified by the Civil Code under Article Fourth, Chapted III, Title I, Book Fourth of the Civil Code.

"If the deed which was made a part of the complaint and to which the defendant refers in his brief, is examined, it will be seen that the intention of the defendants was to constitute a solidary obligation. The fourth clause of said deed reads thus:

" 'Fourth: The parties state that Mrs. Mercedes de la Torre and Mr. Francisco de la Torre-Garrido are indebted severally to the American Colonial Bank, etc. . . .'

"For the foregoing reasons, we reach the conclusion that the obligation mentioned in the promissory note is a solidary one.

"*Second Question.* The decision of the second question raised by the defendant will be found in the case of *National City Bank* v. *Martínez,* 41 P.R.R. 162, from the syllabus of which we copy the following:

" 'Where a person, to accommodate or benefit others and without actually being a debtor, signs a promissory note as solidary obligor, he thereby establishes in the instrument the law of the contract—with respect to his status as such solidary obligor and not as a surety— as the last expression of the intention of the parties, and he is thereby liable as a debtor *in solidum.'*

"In the instant case, Francisco and Mercedes de la Torre subscribed a promissory note in which they undertook, jointly and severally, to pay the amount thereof of the creditor, and on the face of the instrument it appears in no wise that one was signing as surety and the other as principal debtor. If there was any understanding be-

tween the signers of the note, such agreement could not affect the rights of the creditor; nor could such rights be affected nor the legal relation between the bank and said signers modified by the fact that only one of said persons was benefited by the loan. *National City Bank* v. *Martínez, supra; Crédito y Ahorro Ponceño* v. *Beiro*, 32 P.R.R. 752; *Bennett* v. *Boschetti*, 31 P.R.R. 809; *Carminely* v. *Truyol*, 42 P.R.R. 921.

"If the deed also relied upon by the defendant in his brief is examined, the conclusion will readily be reached that Mr. Francisco de la Torre became a solidary debtor and not a surety. On the second page of the deed there appears Paragraph Fourth which begins thus:

" 'Fourth: The parties state that Mrs. Mercedes de la Torre and Mr. Francisco de la Torre-Garrido are indebted severally to the American Colonial Bank in the sum of $10,398.38 . . .'

"On the same page there appears the first clause which reads as follows:

" 'First: Mrs. Mercedes de la Torre de O'Neill and Mr. Francisco de la Torre-Garrido acknowledge owing jointly and severally to the American Colonial Bank of Porto Rico the sum of $10,398.38 . . .'

"For the reasons stated, we feel bound to conclude that Mr. Francisco de la Torre owes severally with Mrs. Mercedes de la Torre the sum of $10,398.38 to The National City Bank of New York, and hence, as stated at the beginning of this decision, we must and hereby sustain the demurrer interposed to the answer.

"Although we doubt very much that the defendant will be in a position to amend his answer in such a wise that the same may state facts constituting an opposition to the complaint, nevertheless we are of the opinion that we should give him a new opportunity to amend his answer, if possible, and in order not to delay the proceeding in this manner to the prejudice of the bank, the defendant is granted a term, not to be extended, of 10 days to amend his answer."

Nothing was done by the defendant and the plaintiff prayed for and obtained an entry of default and the rendition of judgment by the clerk. The default was noted on April 18, 1933, and the judgment ordering the defendant to pay the amount claimed in the complaint was entered on April 25, 1933.

Feeling aggrieved by that decision, the defendant appealed to this court and has filed an extensive brief wherein he assigns and argues the three following errors:

"First Error: The District Court of San Juan, in its decision of May 10, 1932, page 14, of the transcript of record, erred in dismissing the demurrer filed to the complaint by the defendant Francisco de la Torre, appellant herein.

"Second Error: The District Court of San Juan, by its order of January 30, 1933, appearing on pages 41 to 46 of the transcript of record, erred in sustaining the demurrer filed by the plaintiff to the answer of the defendant Francisco de la Torre.

"Third Error: The District Court of San Juan erred besides in entering a judgment by default on the 25th of April 1933, page 52 of the transcript of record, because said judgment appears to have been rendered and entered by the Clerk, without the production of any evidence and without the intervention of the Honorable Judge of the court below."

We will consider first the third error assigned.

■ The question raised was decided against the appellant in *Cochran, Receiver* v. *Fernández*, 47 P.R.R. —* See also the following decisions of the Supreme Court of California: *Union Oil Co.* v. *Conejo Oil Co.*, 267 P. 320; *Wall* v. *Heald*, 95 Cal. 364; and *Bailey* v. *Sloan*, 65 Cal. 387.

It is true that the defendant demurred and answered, but his demurrer was overruled and his answer was held to be insufficient; and although he was granted a new term for answering, he did nothing. His default is evident.

If anything may be said about such a situation, it is that the clerk is in a more certain position than in the ordinary case in which the defendant does not appear, because he is called to act after the court has decided that the complaint is sufficient and the defendant interposes no valid defense.

As regards the fact that this is a suit arising upon a contract for the payment of money, the question is evident.

■ Let us examine the first error. In our opinion, the cause of action is so plain from the facts averred in the com-

---

* For page-number see "Table of Cases Cited in Opinions—Citations from "Puerto Rico Reports," this volume.

plaint and from the promissory note itself, copy of which was attached thereto, that we shall not follow counsel for the plaintiff in all their discussion tending to prove the contrary. Solidary debtors are involved, and although what was made to appear on the back of the instrument, signed solely by the defendant Francisco de la Torre, might be interpreted in the sense of converting the said defendant into a surety, he would always be so *in solido,* and in such case his position towards the creditor would be the same. Recently, in the case of *Drug Company of P. R., Inc.* v. *Susoni,* 43 P.R.R. 740, this court, speaking through Mr. Justice Córdova Dávila, said:

"Now, in view of the terms of the contract and the solidary character of the guaranty, what is the position occupied by the defendant guarantor with respect to the plaintiff creditor? Commenting on section 1831 of the Spanish Civil Code, equivalent to section 1730 of our Civil Code, 1930 ed., which deals with the cases where it is not necessary to exhaust the debtor's property, Manresa says:

" 'The second of the cases stated in the section is that in which the surety has bound himself *in solidum* with the debtor, and no doubt can arise either as to its applicability and justification, for in such a case, by reason of the very terms in which the guaranty is contracted, its character changes, since from a subsidiary obligation it turns into a solidary one, the surety becoming thereby a true co-debtor, with the same status as the principal debtor. Said exception is also recognized in the second paragraph of section 1822, which, as it will be remembered, provides that in such case, instead of following the principles and rules peculiar to suretyship contracts, the provisions of Section IV, Chapter I, Title 1, of this Book relating to solidary obligations, shall be observed. Therefore, since the surety ceases as such and becomes a principal debtor, he can not invoke the customary benefit which he has waived when he bound himself *in solidum* with the principal.' Commentaries on the Civil Code, vol. 12, p. 258.

"In *Succrs. of Gamarra, S. en C.* v. *Navarro, supra,* citation is made, with an explanation of its scope, of the judgment rendered by the Supreme Court of Spain on December 29, 1898, in which it was held that 'as suretyship consists in the obligation to perform some engagement contracted by a third person in case the latter should fail to do so, it would be consistent for the surety to bind himself in

*solidum* with the principal debtor, *without the surety contract losing thereby its proper character.'*

"Manresa seems to explain the effect of this judgment when he says, in commenting thereon, that if from the terms of the contract or from the expression of the will of the third person it appears that it was not the latter's intention to become a principal debtor but merely to constitute himself as surety, although binding himself *in solidum,* the claim may be enforced against him by reason of such solidarity without first exhausting the property of the principal debtor; but once the payment is made, he shall have all the rights pertaining to the surety and shall not be subjected to the restriction attaching to a codebtor *in solidum.*

"The liability of a surety *in solidum* towards the creditor is the same as that of the principal; but the surety contract preserves its own character as regards the relation between the surety and the principal. The surety retains his rights by reason of the security, while the codebtor has no other rights than those granted to him by Article Fourth, Chapter III, Title I of Book IV of the Civil Code. As regards the creditor a solidary surety is a principal obligor who can not invoke the benefit of division and exhaustion of the principal's property, and who is bound to perform the contract fully from the moment the principal fails to fulfill the same."

The first error is nonexistent, and as regards the second, given the position taken by the defendant in this suit, it would be sufficient to state that it should not even be discussed. The defendant was granted a term to amend his answer. He failed to make use of it. If he thought that his answer was good and that the order of the court deciding the contrary was erroneous, he should have demanded judgment on the pleadings and appealed therefrom to this court. He did not do so. He abandoned his case, his default was entered, and the corresponding judgment was rendered.

We will say, however, that after considering the questions raised we are of the opinion that they were correctly decided by the district court. That was why we quoted its opinion.

Moreover, we consider that the answer and the mortgage deed tend to strengthen the cause of action relied upon. No extension of time granted by the Colonial Bank or its suc-

cessor, the plaintiff herein, appears from the record. No evidence was adduced to prove the statements of the defendant made in that regard in the answer. Perhaps, in the final analysis, the defendant Francisco de la Torre may be compelled to pay a sum of money which he did not receive for himself. But there is no doubt that the money was received by his codefendant Mercedes de la Torre and that he assumed the obligation of paying it *in solido*. The mortgage was given as a collateral security. The defendant Francisco de la Torre was with respect to the bank a solidary debtor or surety; one of the two persons from whom the bank could indistinctly demand the performance of the obligation as long as the latter existed. As regards the existence of same there is no question. The defendant can blame no one but himself for the situation in which he finds himself, especially after the reiterated decisions of this court in cases similar to this.

The appeal should be denied and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.